UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO GENERAL
INSURANCE COMPANY, and
GEICO INDEMNITY CO.,

    Plaintiffs,

v.                                                                          Case No. 8:19-cv-1382-T-35SPF

SEAN MARTINEAU, and
SHAZAM AUTO GLASS LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiffs' Motion to Compel (Doc. 25). Defendants filed a Response in Opposition thereto (Doc. 26). The Court also considers Plaintiffs' Motion for a Protective Order (Doc. 27) to which Defendants have responded with a Suggestion of Mootness (Doc. 28).

BACKGROUND

In this action, Government Employees Insurance Co., GEICO General Insurance Company, and GEICO Indemnity Co. (collectively "GEICO") alleges that Sean Martineau and Shazam Auto Glass LLC caused fraudulent claims for to be submitted to GEICO and other automobile insurers for phony, unnecessary, unlawful, and otherwise non-reimbursable windshield replacement services. (Doc. 17). GEICO seeks a declaratory judgment that it is not required to reimburse outstanding claims and alleges violations of RICO, 18 U.S.C. § 1962(c), as well as state law causes of action, common law fraud, and unjust enrichment. (Doc. 17). On March 9, 2020, the Court denied Defendants' motion to dismiss Plaintiffs'

Amended Complaint. (Doc. 29). Here, GEICO moves to compel discovery of financial records, including bank records, tax returns, and general ledgers, from Defendants (Doc. 25).

## APPLICABLE STANDARDS

Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701-Orl-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). The term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "When discovery appears relevant on its face, the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Gov't Emps. Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, No. 6:16-cv-2077-Orl-28TBS, 2017 WL 7370979, at *2 (M.D. Fla. Mar. 20, 2017) (citation omitted). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

ANALYSIS

As recognized by Defendants, this case is substantially similar to *Government Employees Insurance Co., et al. v. Glassco, Inc., et al.*, 8:19-cv-1950-T-23JSS ("Glassco Case"). Counsel for the parties in the two cases are the same, and the issues raised in the cases and their concomitant motions are substantially similar. (*See* Doc. 28 at 1). Indeed, the issues raised here in Plaintiffs' motion to compel are substantially similar to those raised by plaintiffs in a motion to compel at Doc. 39 in the Glassco Case. For the purposes of judicial economy and consistency, the Court adopts the reasoning set forth in Judge Sneed's order granting in part plaintiffs' motion to compel in the Glassco Case at Doc. 68 and finds that GEICO has established the relevance of Defendants' general ledgers but has not shown that unlimited discovery of all financial information is warranted at this stage. As such, Plaintiffs' motion to compel is granted in part and denied in part as set forth below.

Plaintiffs also filed a Motion for a Protective Order (Doc. 27) seeking to preclude the Rule 30(b)(6) depositions unilaterally noticed by Defendant Shazam Auto Glass LLC until Shazam serves proper 30(b)(6) deposition notices describing with reasonable particularity the matters for examination. In addition, Plaintiffs seek to produce a single 30(b)(6) witness to testify on behalf of all three Plaintiffs at a single 30(b)(6) deposition assuming service of a proper 30(b)(6) deposition notice. Defendants respond that they have cancelled the depositions that are the subject of Plaintiffs' motion and that the motion is moot. As such, the motion is denied without prejudice.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion to Compel (Doc. 25) is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED to the extent that Defendants shall produce the general ledgers requested in document request number 3, subject to redactions of transactions with other companies, and an appropriate privilege log, by May 26, 2020. Defendants shall bear the cost of this production; and

    b. The motion is DENIED without prejudice as to interrogatory request numbers 1 and 4 and document request numbers 1 and 4.  If after reviewing the general ledgers, Plaintiffs determine they need the additional information, they may renew their motion to compel as to these requests.

2. Plaintiffs' Motion for a Protective Order (Doc. 27) is DENIED WITHOUT PREJUDICE.

**ORDERED** in Tampa, Florida, May 5, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE