UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., and GEICO GENERAL
INSURANCE COMPANY,

    Plaintiffs,

v.                                                      Case No: 8:19-cv-1382-MSS-SPF

SEAN MARTINEAU and SHAZAM
AUTO GLASS LLC,

    Defendants.

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion to Dismiss Defendant Shazam Auto Glass, LLC's Counterclaims and to Strike, (Dkt. 39), and the response in opposition thereto filed by Defendant/Counterclaimant, Shazam Auto Glass, LLC. (Dkt. 40) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiffs' Motion to Dismiss, as stated herein.

**I.   BACKGROUND**

This action stems from an alleged fraudulent scheme involving windshield repair services provided to Florida residents. (Dkt. 17 at ¶ 1) Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., and GEICO General Insurance Company (collectively, "GEICO") are Maryland corporations headquartered in Chevy Chase, Maryland. (Id. at ¶ 10) GEICO alleges that Florida resident Sean Martineau formed Shazam Auto Glass LLC—a Florida limited liability company headquartered in Florida and wholly owned by Martineau—to carry out a complex, years-long scheme in which

Defendants billed GEICO for windshield repair services for which they were not entitled to reimbursement. (Id. at ¶¶ 11–12, 46) The operative Complaint brings claims against Martineau for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.103(3). (Dkt. 17 at ¶¶ 135–41, 151–57) GEICO also brings claims against both Martineau and Shazam Glass for common-law fraud, unjust enrichment, and violations of the Repair Act and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* (Dkt. 17 at ¶¶ 142–50, 158–74) Finally, GEICO seeks a declaratory judgment against Shazam Glass to the effect that "Shazam Glass has no right to receive payment for any pending claims submitted to GEICO." (Id. at ¶ 134)

Defendant Shazam Glass filed with its Answer and Affirmative Defenses a Counterclaim against GEICO, alleging violations of the Sherman Act, 15 U.S.C. § 1, RICO violations, violations of FDUTPA, and state-law tortious interference. (Dkt. 31 at 6–17) Shazam Glass's Counterclaim alleges a scheme between GEICO and other unidentified glass vendors to fix prices and divert customers from Shazam Glass. (Id.) GEICO has moved to dismiss the Counterclaim and strike an allegation therein referring to Plaintiffs' counsel, Lindsey Trowell, Esq. (Dkt. 39)

## II. LEGAL STANDARD AND ANALYSIS

The Counterclaim must be dismissed because it is an impermissible shotgun pleading. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the

grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294-94 (11th Cir. 2018). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting Vibe Micro, 878 F.3d at 1296).

Here, the Counterclaim violates the shotgun pleading rule because it impermissibly lumps all counter-defendants together without specifying which defendants are responsible for which acts or omissions, or which of the defendants the claims are brought against. By way of example, in Count I, Shazam Glass alleges a scheme in which "the GEICO counter-defendants" fix prices "through coercion, boycott, intimidation or by the use of unilaterally determined price coupled with volume referrals of its insureds to economically coerce certain market participants to accept the price fixed by the GEICO defendants." (Dkt. 31 at ¶ 8) Shazam Glass alleges that the GEICO counter-defendants

"steer[ ] actual and potential customers away from Shazam through dissemination of false and misleading statements about Shazam" and make "other economically coercive threats which misrepresented that the use of Shazam's services will result in low quality work or greater out of pocket costs to customers." (Id.) However, there are no specific allegations of any GEICO insureds who were "steered" to agree to accept the alleged fixed price pursuant to GEICO's vaguely alleged conduct. There are also no specific allegations of any agreement among the GEICO counter-defendants and any other party as to time, place, and particulars. Shazam Glass largely alleges either a horizontal antitrust scheme among the GEICO counter-defendants or a vertical antitrust scheme between GEICO and Safelite Solutions, LLC and other unidentified glass vendors. However, the relevant market is not defined, and there are no specifics as to loss amounts. These and other deficiencies are illuminated by GEICO's Motion to Dismiss. (Dkt. 39) Counts II and IV are similarly problematic. Shazam Glass's FDUTPA claim is based on the same vaguely alleged factual allegations as the antitrust claim, and it largely adopts the factual allegations of Count I. (Dkt. 31 at ¶¶ 11–19) Thus, the same deficiencies in Count I apply to Count II. Shazam Glass's alleged RICO claims in Count IV are predicated on purported misrepresentations and alleged "obstruction of justice" that occurred when "the GEICO defendants" threatened an unidentified expert witness in an unidentified civil case. (Id. at ¶¶ 34–36) As currently pleaded, it is entirely unclear which of the GEICO counter-defendants are responsible for the conduct alleged. Moreover, Shazam Glass admits in its response that the tortious interference count, as pleaded, does not state a cause of action and should be dismissed with leave to amend.

(Dkt. 40 at 15) Accordingly, the Court finds that the Counterclaim must be dismissed without prejudice as an impermissible shotgun pleading.

Because the Counterclaim is a shotgun pleading requiring repleader, the Court declines to address GEICO's other arguments for dismissal. See, e.g., Shaffer v. Bank of New York Mellon & Shellpoint LLC, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted."). Nevertheless, the Court directs Shazam Glass to carefully consider the arguments advanced in GEICO's Motion to Dismiss when it repleads its Counterclaim. To the extent that those arguments point to defects in the pleading that can be cured by more detailed allegations, Shazam Glass should make the appropriate changes in its amended counterclaim. To the extent that the Motion to Dismiss confirms that certain claims are not viable and would not be rendered cognizable by amendment, Shazam Glass should dismiss those claims consistent with its counsel's obligations under Federal Rule of Civil Procedure 11.

GEICO also seeks to strike the allegation against Attorney Trowell in the Counterclaim. (Dkt. 39 at 23–24) A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Id. (citations and internal quotations omitted).

Nonetheless, the Court finds that the conclusory allegation that Attorney Trowell "participated in the conspiracy and collusion" described in the Counterclaim is due to be stricken, as it appears to be included solely to scandalize opposing counsel. (Dkt. 31 at ¶ 38) No facts are alleged in support of this allegation, and Attorney Trowell is not a named party. As such, the reference to counsel is stricken and **SHALL NOT BE REASSERTED**.

### III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Dismiss Defendant Shazam Auto Glass, LLC's Counterclaims and to Strike, (Dkt. 39), **GRANTED as stated herein**. Defendant Shazam Glass's Counterclaim, (Dkt. 31), is **DISMISSED WITHOUT PREJUDICE** and the reference to Attorney Trowell at paragraph 38 is **STRICKEN**.

2. Shazam Glass shall twenty-one (21) days from the date of this Order to file an amended counterclaim that complies with the Federal Rules of Civil Procedure. Failure to replead within the allotted time may result in a dismissal of all claims against GEICO **WITH PREJUDICE**. In preparing the amended counterclaim, Shazam Glass should carefully consider the arguments advanced in the Motion to Dismiss in accordance with the instructions set out above, in particular, Rule 11.

**DONE and ORDERED** in Tampa, Florida this 23rd day of November, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

- 7 -

Copies furnished to:
Counsel of Record
Any Unrepresented Party